McKinney, J.,
delivered the opinion of the Court.
This Ayas an action of replevin hronght by Tipton against Maley, to recover certain goods, Avares and mer *404 chandise conveyed to Tipton, as trustee, by one Smith, for the benefit of creditors. Judgment was for the plaintiff; and the ease is brought to this Court, upon an exception taken to the registration of the deed of trust. The deed purports to have been registered on the 14th of January, 1858. The certificate of registration is signed thus: “ Ben. Sherrod,’ Register, by J. Morrison, D. R.” The record shows that Sherrod, the register of Tipton county, removed to Texas a day or two before the registration of said deed; whereby the office became vacant, and, therefore, it is argued, the registration of said deed, by the deputy, was a nullity.
It is true, that the act of 1823, ch. 5, sec. 1, declares, that by the removal of a county register out of the bounds of the county in which he may have been elected, the office shall become vacant; still, we think, the registration of the deed is not vitiated on this ground.
A deputy register is an officer known to the law. By the act of 1852, ch. 175, sec. 4., each county register is authorized to appoint one deputy; and all deeds previously registered by deputies, are declared to be sufficient. By ch. 48, of the same session, it is provided, that when the register shall die, the deputy may continue to act until the appointment of a successor; and all instruments previously registered by a deputy, during a vacancy in the office, by death, are declared as effectual as if made by the principal register.
The case of a vacancy, by the removal of a register, is not embraced by the words of the foregoing enactment, but it is within the spirit of the law. And in this view, the registration might well be considered *405 valid; as it cannot be regarded as of the essence of the thing how the vacancy happened — whether by the death or removal of the register. But, without the aid of any statutory enactment, the registration would be valid and effectual, upon the principle, that it was the act of an officer de facto, acting under color of office. It is a well established principle, that the acts of such an officer are valid as respects third persons who have an interest in them, and as concerns the public, in order to prevent a failure of justice.
The judgment will be affirmed.